UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                       Case No. 20-40481

LATONYA R. PADGETT,                    Chapter 7

          Debtor.                                 Judge Thomas J. Tucker
_____/

**ORDER REQUIRING BRETT A. BORDER AND BORDER LAW PLLC TO REFUND TO THE DEBTOR THE ENTIRE $554.00 IN ATTORNEY FEES PAID BY THE DEBTOR IN THIS CASE**

On March 25, 2020, the Court entered an order in this case entitled "Order Requiring the Debtor's Attorney, Brett A. Border, To Show Cause in Writing Why He Should Not Be Required To Refund Attorney Fees Paid by Debtor" (Docket # 20, the "Show-Cause Order"). The Show-Cause Order, in relevant part, required the Debtor's former attorney, Brett A. Border, to "file a written response to this order, to show cause why the Court should not require him to refund the attorney fee paid by Debtor under 11 U.S.C. § 329(b), on the basis that 'such compensation exceeds the reasonable value of any [services rendered by Attorney Border].'" On April 7, 2020, attorney Brett A. Border, timely filed a response to the Show-Cause Order (Docket # 21, the "Response").

The Court has reviewed the Response, and the Court has reviewed the entire record in this case. Based on the facts and reasoning contained in the first two paragraphs of the Show-Cause Order, the Court finds and concludes that the reasonable value of the legal services provided by attorney Brett A. Border to the Debtor for this dismissed case was zero ($0.00). This case, and the work done by attorney Brett A. Border as described in his Response, provided no benefit to the Debtor. As a result, the Court will exercise its discretion under 11 U.S.C. § 329(b)

to order attorney Brett A. Border and his firm, Border Law PLLC, to repay to the Debtor the entire amount of the legal fees the Debtor paid them in connection with this case.

The argument suggested by attorney Border's Response (at ¶¶ 6, 9-10, and 12-13), that attorney Border somehow is blameless for the dismissal of this case, is without merit, and it is also immaterial under § 329(b). Based on the facts stated in ¶ 6 of the Response, it is clear that attorney Border knew, and certainly should have known, that he was not personally receiving any electronic notices in this case. Yet he remained the only attorney of record for the Debtor in this case at all times until well after the case was dismissed on January 24, 2020. It therefore was attorney Border's duty to take all necessary steps to make sure that he was restored to receiving electronic notices in this case, and failing that, it was attorney Border's duty to monitor and review the docket in this case frequently, through PACER, in order to make sure he promptly knew of any notices or orders filed in this case, including the deficiency notice filed on January 16, 2020 (Docket # 10). That notice required attorney Border to upload an acceptable list of creditors within 7 days, and attorney Border's failure to do that caused the dismissal of this case. The dismissal of this case was due entirely to the fault and neglect of attorney Border.

For the reasons stated in this Order, and under 11 U.S.C. § 329(b),

IT IS ORDERED that no later than April 30, 2020, attorney Brett A. Border and Border Law PLLC, jointly and severally, must refund to the Debtor the entire $554.00 in attorney fees that the Debtor paid them for this case.

IT IS FURTHER ORDERED that no later than May 1, 2020, attorney Brett A. Border must file in this case an affidavit demonstrating his full and timely compliance with this Order, and must serve a copy of that affidavit on the Debtor and file proof of such service.

**Signed on April 16, 2020**



/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge